McIlvaine, C. 3.,
dissenting: It appears to me that the judgment of the district court should be reversed. The action was to enforce the specific performance of a contract brought by the city of Tiffin against Shawhan. The city *188 had purchased from Shawhan a tract of land, had paid the purchase-money and received a conveyance. By the contract of sale Shawhan had stipulated to repay the purchase-money, with interest, to the city, upon the reconveyance to him of said lands before the 1st of»July, 1875. Before the expiration of the time limited, the city determined to re-convey the land and insist on the repayment of the money. The city, having given notice to Shawhan of its determination, at the request of Shawhan and for his benefit, delayed the reconveyance of the laud and the repayment of the money until April 1, 1876. The defendant by his answer admitted the making of the contract, but denied that the time for reconveyance of the land or repayment of the money was delayed until April 1,1876, at his request.
The answer further set forth : “ That in and by the terms of said contract, as set forth in said petition, the said city of Tiffin, Ohio, had the option to reeonvey said property to this defendant, and insist on the repayment of said sum of money.”
But this defendant avers “that the city of Tiffin did not at or prior to the said 1st day of July, 1875, or within a reasonable time thereafter, offer or tender to this defendant a reconveyance of said property, or seek to enforce the said contract, and not until the-day of April, 1876, when said property had largely decreased in value.”
By an amendment to the answer the defendant averred certain new matter, which need not be here stated. These averments were denied by reply. •
On the trial of the cause in the district court, where it had been taken by appeal, the equities of the case were found for the defendant and judgment accordingly.
The testimony is all set forth in a bill of exceptions.
It is evident from the record that the finding and judgment in the court below were founded on the ground that the original purchase by the city was for an unauthorized purpose, and therefore the relief prayed for in the petition *189 could not be granted in this action. The case was dismissed -without prejudice to another form of action.
On consideration of the case in this court, I understand that the court is unanimous in the conclusion that the testestimony clearly shows that the delay in tendering a re-conveyance of the land to Shawhan until April 1, 1876, was at his request; and also that the issue made by the amendment to the defendant’s answer and the reply thereto was wholly immaterial.
Upon consideration of these questions the judgment below was clearly erroneous.
There appears, however, in the bill of exceptions, a copy of the deed purporting to be a reconveyance of the land to Shawhan, delivered by the city to Shawhan on April 1, 1876. This deed does not purport to be a conveyance by the city to Shawhan, but a conveyance by one Kintz, who executed the same as city clerk. The seal of the city is not attached to the deed, but the seal of the city clerk is attached.
For the purposes of this case I concede that such deed would not be sufficient to transfer the title from the city to Shawhan, and was not such a deed as the city was bound to tender. The city clerk had been duly authorized to execute a proper and sufficient deed of the city, but admitting that he had failed to do so, as far as the record shows, my point is, that the judgment should, nevertheless, be reversed for errors heretofore stated.
The court, however, sustains it solely on the ground that the deed of which this purports to be a copy was not sufficient to reconvey the title from the city to Shawhan.
Under the state of the pleadings set forth in this record, there was no issue as to the fact of reconveyance. The plaintiff had averred the tender of a sufficient deed of re-conveyance on the 1st of April, 1876. The defendant had admitted the averment to be true. The plaintiff was not called upon to offer any proof. No such question of fact was raised by the pleadings. No such question, outside *190 of the pleadings, was submitted to the court below, or passed upon by the court.
True, a copy of the supposed deed is found in the bill of exceptions. But it has no legal significance there. It is said that it was offered by the plaintiff in error; at least there was no objection to it. Suppose it be so, that does not give it legal significance. I may suppose that other immaterial matter be found in the bill of exceptions, offered by the plaintiff' or without his objection. Such exhibit does not change the law or the legal effect of the issue.
In my opinion the judgment should not be affirmed on the grounds stated. The judgment of the district court is now conclusive between the parties. No opportunity is now given to the plaintiff to show that a proper and legal conveyance was tendered the defendant, as he has admitted was done. If the defendant desires to rely on this defense, no opportunity is given the plaintiff to correct the mistake, if it be one.
I think the case should have been sent back for further proceedings.
Johnson, J., concurred in the dissent.